UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | Case No. 1:13-CR-65-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| ELAINE MARTIN and DARRELL SWIGERT, | |
| Defendants. | |

**INTRODUCTION**

The Court has before it a motion to reconsider two rulings: (1) A decision by the United States Magistrate Judge to detain the defendant; and (2) this Court's decision declaring moot defendant's motion to clarify. The Court will deny the motion in large part but will allow the defendant to sell certain assets to pay attorney fees.

**ANALYSIS**

**Detention**

The defendant shall be detained unless she proves by "clear and convincing evidence" that she is "not likely to flee or pose a danger to the safety of any other person or the community if she is released." 18 U.S.C. § 3143(a)(1). The term "danger" in the statute may "encompass pecuniary or economic harm." *U.S. v. Reynolds,* 956 F.2d 192, 192-93 (9th Cir. 1992). The Court reviews the Magistrate Judge's decision *de novo. U.S. v. Koenig,* 912 F.2d 1190, 1192 (9th Cir. 1990).

**Memorandum Decision & Order – page 1**

The defendant has failed to carry her burden of showing by clear and convincing evidence that if released, she will not continue her financial manipulations. The evidence shows that the defendant, and others in her family/business circle, have taken steps to remove her from a signatory status on at least 15 depository accounts, and she cancelled four business and personal credit cards. Her son, Justin, created a new depository account in the name of Martin, LLC, a business in which Martin has a 33% interest, using money transferred from another account in a different name, but as to which Martin had signatory authority, and set the account up without putting Martin in a signatory authority. The consequence of this financial activity is unclear. It was conducted under the backdrop of the defendant disclosing her assets in separate successive communications rather than in a single comprehensive disclosure.

The defendant's son explained that he was removing his Mother's name from the accounts so that she would not do anything to violate the terms of her release – in other words, he did it to protect the defendant from herself. Does that mean the frantic account changes were necessary to stop the defendant from improper financial conduct? That was certainly not the impression the defendant's son intended, but that is one reasonable view of the flurry of financial activity. In any event, this conduct certainly does not assist the defendant in meeting her "clear and convincing" burden.

The Court is not concerned here with the dissipation of assets. The Court is concerned, however, that if the defendant is released, she will continue her financial manipulations.

**Memorandum Decision & Order – page 2**

The defendant argues that the Court should not consider the allegations regarding her alleged deceit in seeking an appraisal of jewelry and her failure to reveal her "excluded" status in the contract negotiations over the Idaho Military Division contract. The Court has taken neither into account.

The Court has considered, however, the defendant's flurry of financial activity, summarized above, concerning the bank accounts and credit cards. The Court has also considered the absence of any evidence that would give the Court assurance that the defendant would not continue her financial manipulations if released.  For these reasons, the Court finds that the defendant has not carried her "clear and convincing evidence" burden, and will accordingly deny her motion to reconsider the order of detention.

**Asset Sale**

When the defendant was ordered detained, the Court declared moot defendant's motion to clarify the conditions of her release.  The defendant responds that her request for clarification was not mooted because the Court's restriction on the sale of her assets remains in place even though she is no longer released.  The Court agrees that the issue is not moot and will consider defendant's arguments.

The defendant seeks permission to sell certain personal assets to pay her attorneys. The Court will allow the defendant to sell the following personal assets that are not identified by the Government as subject to forfeiture:  (1) jewelry; (2) CanAm motorcycle; and (3) MarCon inventory.  The other items defendant seeks to sell have been identified by the Government as subject to forfeiture and will not be permitted to be sold.

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to reconsider (docket no. 210) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks permission to allow the defendant to sell the following personal assets in order to pay her attorneys: (1) jewelry; (2) CanAm motorcycle; and (3) MarCon inventory. It is denied in all other respects.

DATED: January 10, 2014

B. Lynn Winmill
Chief Judge
United States District Court